# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JENIFER SNYDER, as the Personal Representative of the ESTATE OF MARK SNYDER, | CASE NO. _____ |
| Plaintiff, | |
| v. | |
| MARION COUNTY SHERIFF'S DEPARTMENT, and MARION COUNTY, | JURY DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff, Jenifer Snyder, on behalf of the Estate of Mark Snyder, by counsel, for her complaint against Defendants, respectfully alleges and states as follows:

1. On or about December 3, 2014, Mark Snyder committed suicide by hanging while in the custody of the Marion County Sheriff's Department and housed in the Marion County Jail, while awaiting trial.

2. This is a civil rights action brought by the Estate of Mark Snyder, who died at the Marion County Jail due to the deliberate indifference of the Marion County Sheriff's Department, Marion County, and one or more governmental officials responsible for his protection and care.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, 42 U.S.C. § 1983, and the United States Constitution.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b), which allows an action to be brought in the district where the defendants reside or in which the cause of action arose. The Defendants reside in this district and all of the events occurred in this district, making it the proper venue.

## PARTIES

5. The decedent, Mark Snyder, was a resident of Indiana at the time of his death. His widow, Jenifer Snyder, has been appointed as Personal Representative of Mark Snyder's estate, which has been opened in the Hendricks Superior Court under cause number 32D05-1502-EU-0238.

6. Defendants Marion County Sheriff's Department and Marion County at all times relevant to this action operated and maintained the Marion County Jail, which is located in Indianapolis, Indiana.

## FACTUAL BACKGROUND

7. Mark Snyder was a pretrial detainee held in custody at the Marion County Jail while awaiting trial.

8. Mark Snyder was accused of the crime of child molestation. These pending charges made Mark Snyder particularly vulnerable to violence and harassment while in custody at the Marion County Jail.

9. At some point during his confinement, Mark Snyder was placed in solitary confinement.

10. Due to the emotional strain caused by solitary confinement, Mark Snyder was removed from solitary confinement shortly before his death.

11. While confined, due to the extreme emotional strain of his circumstances, Mark Snyder sought and received counseling from a chaplain and psychologist.

12. Mark Snyder suffered from numerous medical conditions, including asthma, sleep apnea, and chronic obstructive pulmonary disease, generally referred to as COPD.

13. Mark Snyder experienced great difficulties in receiving his necessary medication from the Marion County Jail.

14. At 9:30 a.m. on December 3, 2014, Mark Snyder was located in a one-man cell. This was the last time he was known to have been seen alive. He was recorded as seen at 9:30 a.m. during guard rounds.

15. Mark Snyder was found at approximately 10:35 a.m. by Marion County Deputy Sheriff April Ashlock. At the time he was found, he was deceased and his body was hanging from a clothes hook via a bed sheet secured around his neck. No medical intervention was attempted.

16. Mark Snyder's death was ruled an apparent suicide following an autopsy conducted at the behest of the Marion County Coroner's Office.

17. Notably, the autopsy of Mark Snyder revealed numerous additional physical traumas aside from the injuries to his neck accompanying the apparent suicide. The autopsy revealed the presence of evidence of blunt trauma to Mark Snyder's head including the presence of mild edema in the periorbital soft tissue. There was further blunt trauma to the body. The autopsy report states: "There are two contusions on the anterior aspect of the right knee measuring 2.5 x 2 cm and 2.8 x 2.3 cm, and of the left knee 2.2 x 2 cm and 2.5 x 2 cm. There is also contusion on the dorsal aspect of the right wrist measuring 1.5 x 1 cm. There is a 2.5 cm laceration on the right aspect of the forehead surrounded by 4 x 3.5 cm contusion."

18. The origin of these injuries is not presently known by the Plaintiff.

19. Defendants were responsible for proper care and protection of inmates at the Marion County Jail. Defendants also had duties under the United States Constitution to ensure that pretrial detainees' rights, including the right to due process secured by the Fourteenth Amendment, were not violated.

20. Defendants' responsibilities to pretrial detainees included the responsibility to assess whether individual inmates were prone to or contemplating suicide, and, if so, to take appropriate action to prevent such suicide.

21. Defendants were responsible for formulating, implementing, and monitoring the effective use of protocols and procedures to properly and comprehensively evaluate inmates for suicidal tendencies, and to prevent potentially suicidal inmates from committing suicide.

22. This was not an isolated occurrence of suicide in a jail operated by Marion County and the Marion County Sheriff's Department.

23. Other pretrial detainees awaiting trial on charges of possession of child pornography or child molestation have committed suicide in jails operated by Marion County and the Marion County Sheriff's Department.

24. On or about October 14, 2015, after an internal investigation, Marion County Jail Commander Lieutenant Colonel Royce Cole was removed from his command and eighteen deputies were disciplined.

25. The constitutionally deficient policies that resulted in the death of Mark Snyder are among the same policies that resulted in the termination of Lt. Col. Cole and the discipline of eighteen deputies.

26. While incarcerated, Mark Snyder suffered from depression and other mental disturbances both prior to and as a result of his solitary confinement.

27. Coupled with Mark Snyder's untreated physical maladies, any constitutionally permissible policies for preventing suicide of pretrial detainees would have identified Mark Snyder as a suicide risk and taken measures to prevent his suicide.

28. Despite the fact that Mark Snyder might be prone to suicide, Defendants failed to take appropriate steps to prevent Mark Snyder from committing suicide, and even allowed Mark Snyder access to tools and materials that he used to commit suicide.

29. These failures were due to Defendants' failure to develop adequate procedures and protocols, and/or failure to monitor or implement existing procedures and protocols.

## COUNT I
## CLAIM UNDER 42 U.S.C. § 1983

30. Plaintiff incorporates the preceding allegations as if fully set forth below.

31. Defendants' above-detailed failures and actions (or inactions) violated Mark Snyder's Fourteenth Amendment Due Process rights.

32. Under the Fourteenth Amendment right to due process, pretrial detainees are entitled to "at least as much, and probably more, protection" as convicted criminals under Eighth Amendment. *Forrest v. Prine*, 620 F.3d 739, 744 (7th Cir. 2010); *Belbachir v. Cnty. of McHenry*, 726 F.3d 975, 979 (7th Cir. 2013).

33. Marion County and Marion County Sheriff's Department, by express policy and/or by widespread practice, deprived Mark Snyder of his constitutional rights.

34. The death of Mark Snyder was the highly predictable consequence of the policies of Marion County and Marion County Sheriff's Department.

35. Defendants' actions and inactions constitute deliberate indifference to Mark Snyder's rights and needs that caused his death.

36. Defendants are liable under 42 U.S.C. § 1983 for their actions in depriving Mark Snyder of the rights, privileges, and immunities secured to him by the Fourteenth Amendments to the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests an entry of judgment in her favor, including an award of all available common-law and statutory damages and restitution, pre-and post-judgment interest, attorneys' fees, costs, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all of her claims.

Respectfully submitted,

_____
Eric S. Pavlack
PAVLACK LAW, LLC
255 N. Alabama Street, Suite 301
Indianapolis, IN 46204
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*